UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| CANAL INSURANCE COMPANY, a foreign for profit corporation, and as Assignee of its insured, Kamel El-Khechn, | Case No.: 3:20-cv-363 Hon. |
| Plaintiff, | |
| v. | |
| PAUL BUNYAN, INC., a foreign for profit corporation, and JOSPEH S. BARNHART, | |
| Defendants. | |

_____

Geoffrey A. Belzer (0071899)
Wilson Elser Moskowitz Edelman & Dicker LLP
Attorney for Plaintiff Canal Insurance
55 W. Monroe Street, Suite 3800
Chicago, Illinois 60603
Tel: (312) 704-0550
Fax: (312) 704-1522
geoffrey.belzer@wilsonelser.com
_____

## CANAL INSURANCE COMPANY'S COMPLAINT

NOW COMES the Plaintiff, CANAL INSURANCE COMPANY, by and through its counsel, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, and for this Complaint seeking reimbursement of personal protection benefits (PIP) under the Michigan No Fault Act, MCL 500.3101 *et. seq.*, specifically MCL 500.3116 and/or

subrogation of Mr. El-Khechn's claims against Paul Bunyan Inc. pursuant to the terms of the Canal Insurance policy, states as follows;

## Jurisdiction and Venue

1. Plaintiff, Canal Insurance Company ("Canal"), is a foreign corporation registered and incorporated in the State of South Carolina, with its principal place of business in South Carolina. It is licensed to sell commercial auto insurance in the State of Michigan, and systematically and continuously conducts business in Michigan.

2. Defendant, Paul Bunyan Inc., is a foreign corporation registered and incorporated in the State of Ohio (Entity #2177312) with its headquarters and principal place of business located at 1000 Pruden Ave., Dayton, OH 45403. Based on information and belief, Paul Bunyan Inc. transacts any business in the State of Michigan. Paul Bunyan Inc. is registered with USDOT (USDOT #2406363) as an interstate carrier and is believed to have appointed National Registered Agents, Inc. as its registered agent and has filed registration in states other than Ohio, including California, Georgia and North Carolina.

3. Defendant, Joseph S. Barnhart, is a resident of the State of Ohio, County of Miami, City of Troy.

4. Venue in this Court is proper in this Court pursuant to 28 U.S.C. 1391(b)(1) and/or (2).

5. Subject matter jurisdiction in this Court is proper pursuant to diversity jurisdiction where the initial Plaintiff and Defendants are residents of separate states, and the amount in controversy exceeds $75,000.00. 28 U.S.C. §1332 (2019).

## GENERAL ALLEGATIONS

6. Canal restates and incorporates paragraphs 1. to 5. as though stated in full herein.

7. Canal issued a commercial insurance policy to K&A Logistics LLC, bearing policy number 1-8741340001-1, with a policy term of May 6, 2017 to May 6, 2018 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A.

8. The Policy included an endorsement providing first party, No-Fault (PIP) coverage to K&A Logistic LLC, and anyone who sustains "bodily injury" while "occupying" a covered "auto." (Exhibit A)

9. Mr. Kamel El-Khechn is the owner of K&A Logistics LLC.

10. On or about August 29, 2017, Mr. El-Khechn was in the course and scope of his employment when he was involved in a motor vehicle accident in the County of Montgomery, State of Ohio.

11. At the time of the accident on August 29, 2017, Mr. El-Khechn was southbound on I75 in, or around, Harrison Township, OH. Defendant, Joseph S. Barnhart, was in the course and scope of his employment with Defendant Paul Bunyan Inc., traveling southbound on I75 in, or around, Harrison Township, OH, in

a lane adjacent to Mr. El-Khechn. At the time of the time of the accident, heavy equipment that Mr. Barnhart was hauling struck an overpass bridge causing a piece of metal believed to be a bolt to project from the vehicle and/or heavy equipment Mr. Barnhart was hauling and strike Mr. El-Khechn's vehicle in the windshield, going through and striking Mr. El-Khechn. (Exhibit B the Ohio Traffic Crash Report)

12. At the time of the accident, Mr. El-Khechn was occupying a 2006 Freightliner, VIN 1futa6ckx6lv70024, that qualified as a covered "auto" under the Policy, and was a scheduled vehicle. Mr. El-Khechn was also a scheduled driver. (Exhibit A)

13. Mr. El-Khechn alleged injuries that he claims arose out of the August 29, 2017 motor vehicle accident, and applied for benefits from Canal under the Michigan No-Fault Act, MCL 500.3101 *et. seq.* as provided by the Canal policy. (Exhibit A, Kamel El-Khechn Wayne County Circuit Court Complaint)

14. Canal received the claim(s) for benefits filed by Mr. El-Khechn and adjusted the claims accordingly and paid to Mr. El-Khecn, or on his behalf, benefits that were found to be due and owing pursuant to the Policy and Michigan No-Fault Act, MCL 500.3101 *et. seq.*

15. During the investigation of the claims by Mr. El-Khechn, benefits were denied and Mr. El-Khechn filed suit in Wayne County Circuit Court, County of

Wayne, State of Michigan, City of Detroit, case no. 19-006710-NF. That suit was resolved with a confidential settlement for any and all past, present and future personal protection benefits (PIP) for Mr. El-Khechn alleged to be arising out of the August 29, 2017 accident.

16. Canal paid to, or on behalf of, Mr. El-Khechn personal protection benefits (PIP) and reached a confidential settlement for all remaining first party PIP claims in the Wayne County Circuit Court lawsuit, case no. 19-006710-NF, under the Policy and Michigan No-Fault Act, MCL 500.3101 *et. seq.* in excess of the minimum jurisdictional amount of $75,000.00 under 28 U.S.C. §1332 (2019).

17. Non-party insured, Kamel El-Khechn, is a resident of the state of Michigan and is covered by the Canal policy which provides first party (PIP) benefits to the insured (Mr. El-Khechn) under the Michigan No-Fault Act, MCL 500.3101 *et. seq.*

18. The Policy expressly provides Canal Insurance Company with a "Transfer of Rights" to Canal from the insured, Mr. El-Khechn. Specifically, the policy states as follows:

> **1. Transfer Of Rights Of Recovery Against Others To Us**
>
> If any person or organization to or for whom we make payment under this Coverage From has rights to recover damages from another, and that other person is an uninsured motorist, those rights are transferred to us. That person or organization must

> do everything necessary to secure our rights and must do nothing after "accident" of "loss" to impair them.
> **(Exhibit A, p. 4 of 4, CA 22 20 04 16, Sec. E. ¶ 1)**

19. Defendant, Joseph S. Barnhart, was operating a motor vehicle in the course and scope of his employment with Paul Bunyan Inc. and/or as an employee, agent or the like for Paul Bunyan Inc. when he directly and proximately caused the August 29, 2017 accident to occur resulting in injuries claimed by Plaintiff's, Canal's, insured, Kamel El-Khechn.

20. Mr. El-Khechn received payment for, or payment was made on his behalf for, economic expenses, including wage loss and medical expenses from Canal under the Michigan No-Fault (PIP) coverage provided in the Canal policy, and pursuant to the Michigan No-Fault Act, MCL 500.3101, *et. seq.*, specifically MCL 500.3105; MCL 500.3107.

21. Pursuant to MCL 500.3116, in combination with, and/or in addition to, Section E, paragraph 1 of page 4 of 4 (CA 22 20 04 16) transfer of rights to Canal from Mr. El-Khechn, Canal has a vested right under the Michigan No Fault Act and the Canal Policy to seek payment and reimbursement from the at fault Defendants equal to the amount paid by Canal to, or on behalf of, Mr. El-Khechn, under the Michigan No-Fault Act, MCL 500.3101 *et. seq.*

**Count I – Auto Negligence Mr. Joseph Barnhart**

5820230v.1

22.     Canal restates and incorporates paragraphs 1. to 21. as though stated in full herein.

23.     Pursuant to MCL 500.3135 of the Michigan No Fault Act, the Plaintiff's insured, Kamel El-Khechn, has a right to pursue a claim for auto-negligence against the at fault party, Defendants, Joseph S. Barnhart and Paul Bunyan Inc.

24.     Pursuant to the terms and conditions in the Canal Policy, Section E, paragraph 1., page 4 of 4, (CA 22 20 04 16), any and all claims that Mr. El-Khech has against any other party are transferred to Canal after payment is made to that person under the Canal policy.  Therefore, Canal, by operation of the Canal Policy issued to K&A Logistic LLC, which provided coverage for Mr. El-Khechn, received a transfer of right from Mr. El-Khechn to file and purse an auto-negligence claim against the named Defendants, Joseph S. Barnhart and Paul Bunyan Inc.

25.     Mr. Joseph S. Barnhart owed Kamel El-Khecn a duty to operate his vehicle in a safe manner so as not to cause an accident or harm to Mr. El-Khechn, including, but not limited to, securing the load and equipment he was hauling to ensure it would not come lose and injure another driver; and/or ensure that his vehicle, and the load/equipment that was being hauled, had sufficient clearance to pass under an overpass bridge without causing contact.

26. Ms. Barnhart breached is duty by failing to secure the load/equipment that he was hauling, and/or failed to ensure that his vehicle and/or load/equipment had sufficient clearance to pass under the overpass bridge without making contact.

27. Mr. Barnhart's failure to operate in a safe manner having breached his duty owed to Mr. El-Khechn, did directly and proximately cause the August 29, 20-17 accident and alleged injuries to Mr. El-Khechn.

28. As the direct and proximate result of Mr. Barnhart's breach of any and all duties owed to Mr. El-Khechn, Mr. El-Khechn allegedly suffered significant injury, including, but not limited to, wage loss, medical expenses, attendant care, replacement services, and others to be determined. Mr. El-Khechn applied to Canal for, and received, statutory first party (PIP) benefits under the Michigan No-Fault Act, MCL 500.3101 *et. seq.*, specifically MCL 500.3105 and MCL 500.3107.

29. By operation of the Canal policy, Mr. El-Khechn's right to seek recovery against Defendants, Joseph S. Barnhart and Paul Bunyan Inc., is transferred to Canal, and Canal stands in place of Mr. El-Khechn.

30. Further, under MCL 500.3116, Canal, in addition to the transfer of rights permitted under the Canal Policy, maintains a statutory right to seek reimbursement from the at fault party for all benefits paid where the accident occurs outside the state of Michigan, for any recovery realized upon a tort recovery. MCL 500.3116 (2020). Mr. El-Khechn's tort claim for an accident that occurred outside

5820230v.1

the State of Michigan wherein he may seek all economic losses is transferred to Canal under the Canal Policy, and where that tort claim results in a realized recovery, Canal has a right to recovery from the tort claim to an amount equal to the amount of statutory first party personal protection (PIP) benefits paid to, or on behalf of, Mr. El-Khechn.

WHEREFORE the Plaintiff, CANAL INSURANCE COMPANY, pursuant to the Michigan No-Fault Act, MCL 500.3101 *et. seq.* and/or the terms and conditions in the Policy of Insurance, seeks a Judgment in Canal's favor equal for any and all first party personal protection benefits (PIP) paid to, or on behalf of, Mr. Kamel El-Khech, including any and all costs and fees, including reasonable attorney fees and interest, as may be allowed, and any and all other such relief as the Plaintiff is so entitled.

### **Count II – Vicarious and Owners Liabiltiy of Paul Bunyan Inc.**

31. Canal incorporates paragraphs 1. to 30. as though more fully set forth herein.

32. Joseph S. Barnhart, based on information and belief, is an employee of Paul Bunyan Inc., and/or an agent or servant of Paul Bunyan Inc.

33. As an employee, agent or servant of Paul Bunyan Inc., Paul Bunyan Inc. is directly and/or vicariously liable for the action of Mr. Barnhart.

34. Mr. Barnhart was negligent in the operation of a motor vehicle on or about August 29, 2017 directly and proximately causing an accident and alleged injuries to Mr. El-Khechn.

35. As a result of Paul Bunyan Inc. vicarious and/or direct liability for Mr. Barnhart's negligence, Paul Bunyan Inc. is liable for any and all damages suffered by Mr. El-Khechn.

36. Based on information and belief, the vehicle occupied by Mr. Barnhart that he was operating at the time of the August 29, 2017 accident was owned by Paul Bunyan Inc. Pursuant to MCL 257.401, the owner of the vehicle is liable for any and all damages directly and proximately caused by the negligent operation or use of vehicle.

37. As the direct and proximate result of the negligence of Mr. Barnhart in breaching his duty owed to Mr. El-Khechn to operate his vehicle in a safe manner and refrain from passing under an overpass bridge without sufficient clearance for his vehicle and load/equipment that was being hauled, Mr. El-Khechn was allegedly injured, requiring Canal to adjust and possibly pay for first party personal protection (PIP) benefits consistent with the Michigan No Fault Act, MCL 500.3101 *et. seq.*

WHEREFORE the Plaintiff, CANAL INSURANCE COMPANY, pursuant to the Michigan No-Fault Act, MCL 500.3101 *et. seq.* and/or the terms and conditions in the Policy of Insurance, seeks a Judgment in Canal's favor equal for

5820230v.1

any and all first party personal protection benefits (PIP) paid to, or on behalf of, Mr. Kamel El-Khech, including any and all costs and fees, including reasonable attorney fees and interest, as may be allowed, and any and all other such relief as the Plaintiff is so entitled.

### Count III – Statutory Subrogation Under MCL 500.3116

38. Canal incorporates paragraphs 1. to 37. as though more fully set forth herein.

39. Canal Insurance Company issued a policy to K&A Logistic LLC that covered Mr. El-Khechn that included coverage under the Michigan No Fault Act, MCL 500.3101 *et. seq.*

40. Canal is required to provide coverage under the Canal Policy for Mr. El-Khechn's claims for all reasonable and necessary products, services and accommodations for Mr. El-Khechn's care, recovery or rehabilitation. MCL 500.3107 (2020).

41. Following the August 29, 2017 accident, Mr. El-Khechn made claims with Canal including, but not limited to, the following medical expenses, wage loss, attendant care and replacement services.

42. Pursuant to MCL 500.3116, Canal has the right to seek reimbursement for any and all first party personal protection (PIP) benefits paid to, or on behalf of Mr. El-Khechn, arising out of, or related to, the August 29, 2017 accident from the

11

at fault party, specifically Mr. Joseph S. Barnhart and/or Paul Bunyan Inc. when the accident occurs outside the State of Michigan. MCL 500.3116(2) (2020).

43. Pursuant to MCL 500.3146 of the Michigan No Fault Act, an action under MCL 500.3116 to seek reimbursement from a recovery realized on a tort claim must be commenced within one year from the date payment is received by the claimant upon a tort claim with which Canal has a right to recovery or indemnity. No payment has been received by the claimant to date, therefore Canal's statutory right to seek reimbursement from the at fault parties has not expired.

44. Canal has paid to, or on behalf of, Mr. El-Khechn, first party personal protection (PIP) benefits pursuant to the Michigan No Fault Act, MCL 500.3101 *et. seq.* as required, and/or has reached a confidential settlement of all past, present and future claims alleged by Mr. El-Khechn for first party personal protection (PIP) benefits, in an amount greater than the minimum jurisdictional limit of $75,000.00.

45. Canal has a statutory right under MCL 500.3116 to reimbursement from a recovery realized on a tort claim, and here Mr. El-Khechn's tort claim is transferred to Canal. Therefore, Canal is pursuing the tort claim as assignee of Mr. El-Khechn under the Michigan No Fault Act, MCL 500.3135, and seeking reimbursement from that tort claim under MCL 500.3116 of the Michigan No Fault Act.

WHEREFORE the Plaintiff, CANAL INSURANCE COMPANY, pursuant to the Michigan No-Fault Act, MCL 500.3101 *et. seq.* and/or the terms and conditions in the Policy of Insurance, seeks a Judgment in Canal's favor equal for any and all first party personal protection benefits (PIP) paid to, or on behalf of, Mr. Kamel El-Khech, including any and all costs and fees, including reasonable attorney fees and interest, as may be allowed, and any and all other such relief as the Plaintiff is so entitled.

## **Count IV – Unjust Enrichment**

46. Canal incorporates paragraphs 1. to 45. as though more fully set forth herein.

47. Defendants, Joseph S. Barnhart and Paul Bunyan Inc., have been unjustly enriched by Canal's payments under the Michigan No Fault Act, MCL 500.3101 *et. seq.* to, or on behalf of, Mr. Kamel El-Khechn, for his first party personal protection (PIP) benefits pursuant to MCL 500.3107.

48. Defendants, Joseph S. Barnhart and Paul Bunyan Inc., are liable to Mr. El-Khechn in tort for any and all damages he suffered as a direct and proximate result of the August 29, 2017 accident, including, but not limited to, all first party personal protection (PIP) benefits paid by Canal, including the confidential settlement.

49. Defendants, Joseph S. Barnhart and Paul Bunyan Inc., have received a benefit by way of Plaintiff, Canal Insurance Company, paying economic losses to, or on behalf of, Mr. El-Khechn that Defendants are liable for in tort.

50. The continuing benefit to Defendants of not having to pay for their own liability creates an inequity and injustice to Plaintiff, wherein the Plaintiff has made financial payments that are the responsibility of the Defendants for which it has not been reimbursed, and which reimbursement Plaintiff is so entitled.

51. As the result of Defendants not paying for the losses that it is liable for, and instead that were paid for by Canal, the Defendants have been unjustly enriched to which Plaintiff is entitled to reimbursement.

WHEREFORE the Plaintiff, CANAL INSURANCE COMPANY, pursuant to the Michigan No-Fault Act, MCL 500.3101 *et. seq.* and/or the terms and conditions in the Policy of Insurance, seeks a Judgment in Canal's favor equal for any and all first party personal protection benefits (PIP) paid to, or on behalf of, Mr. Kamel El-Khech, including any and all costs and fees, including reasonable attorney fees and interest, as may be allowed, and any and all other such relief as the Plaintiff is so entitled.

## Count V – Declaratory Relief

52. Canal incorporates paragraphs 1. to 51. as though more fully set forth herein.

53. Pursuant to Fed. R. Civ. P. 57, this Court has the authority to hear an action for declaratory judgment, and issue a judgment that declares the rights and duties of all interested parties consistent with 28 U.S.C. §2201.

54. Pursuant to 28 U.S.C. §2201, in a case of actual controversy and within this Court's jurisdiction, this Court may declare the rights, duties, and other legal relations of any interested party.

55. There is an actual case and controversy in this matter involving the Plaintiff and Defendants. Specifically, the Plaintiff has paid to, or on behalf of, its insured, Mr. El-Khechn first party (PIP) economic benefits for his alleged injuries found to be due and owing under the Michigan No-Fault Act, MCL 500.3101 *et. seq.*, and the Policy. Pursuant to MCL 500.3116(2) and the Policy, Canal is entitled to reimbursement of benefits it has paid to, or on behalf of, Mr. El-Khechn from the Defendants.

56. Under the Michigan No-Fault Act, MCL 500.3116(2) states, in relevant part,

> A subtraction from or reimbursement for personal protection insurance benefits paid or payable under this chapter shall be made only if recovery is realized upon a tort claim arising from an accident occurring outside this state…and shall be made only to the extent that the recovery realized by the claimant is for damages for which the claimant has received or would otherwise be entitled to receive personal protection insurance benefits. If personal protection insurance benefits have already been receive, the claimant shall repay to the insurers out of the

5820230v.1

>recovery a sum equal to the benefits received, but not more than the recovery…The insurer shall have a lien on the recovery to this extent…

MCL 500.3116(2) (2019). Thus, under this section Canal is entitled to reimbursement from any recovery realized upon a tort claim.

57. Canal also seeks a declaration that, pursuant to the Canal policy, it has a right transferred from its insured, Mr. El-Khechn, to pursue any cause of action that Mr. El-Khechn has, or may have, under the Michigan No Fault against any party that is liable for the benefits Canal has paid pursuant to MCL 500.3107 and the Canal Policy.

58. Further, Canal seek a declaration that Michigan law applies in this matter, wherein Michigan has a substantial interest in that the insured is a Michigan resident who received benefits under the Michigan No Fault Act, and Michigan has a substantial interest in the application of the Michigan No Fault Act to one of its residents who was involved in an out of state accident and who has received first party personal protection (PIP) benefits.

WHEREFORE the Plaintiff, CANAL INSURANCE COMPANY, pursuant to the Michigan No-Fault Act, MCL 500.3101 *et. seq.* and/or the terms and conditions in the Policy of Insurance, seeks a Judgment in Canal's favor equal for any and all first party personal protection benefits (PIP) paid to, or on behalf of, Mr. Kamel El-Khech, including any and all costs and fees, including reasonable attorney

fees and interest, as may be allowed, and any and all other such relief as the Plaintiff is so entitled.

> Respectfully submitted,
>
> WILSON ELSER MOSKOWITZ
> EDELMAN & DICKER, LLP
>
> By: */s/ Geoffrey A. Belzer*
> Geoffrey A. Belzer (OH 0071899)
> Wilson Elser Moskowitz Edelman &
> Dicker LLP
> 55 W. Monroe Street, Suite 3800
> Chicago, Illinois 60603
> Tel: (312) 704-0550
> Fax: (312) 704-1522
> geoffrey.belzer@wilsonelser.com
> ***Attorney for Plaintiff Canal Insurance***

5820230v.1