UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CANAL INSURANCE COMPANY,

    Plaintiff,

vs.

PAUL BUNYAN, INC., *et al.*,

    Defendants.

Case No. 3:20-cv-363

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. 7);
(2) DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE; AND
(3) TERMINATING THIS CASE ON THE DOCKET**

---

This civil case is before the Court on Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss. Doc. 7. Plaintiff, Canal Insurance Company ("Canal"), filed a memorandum in opposition. Doc. 10. Thereafter, Defendants filed a reply. Doc. 13. The Court has carefully considered the foregoing, and Defendants' motion is now ripe for decision.

**I.**

Canal brings this subrogation action to recover insurance benefits it paid out to its insured, Kamel El-Khechn -- a non-party to this suit -- for injuries sustained during an automobile accident that occurred on August 29, 2017 in Harrison Township, Montgomery County, Ohio. Doc. 1 at PageID 3-4. Canal, based in South Carolina, provides insurance in multiple states including Michigan, where El-Khechn is licensed and insured. *Id.* Canal alleges that El-Khechn sustained injuries when debris from a collision between a truck operated by Defendant Joseph S. Barnhart -- who was, at the time, working in the course and scope of his employment with Defendant Paul Bunyan, Inc. -- struck El-Khechn's vehicle. *Id.*

Following the accident, El-Khechn sought personal injury protection ("PIP") insurance benefits from Canal, as provided for by Michigan law. *Id.* at PageID 4. Canal paid El-Khechn benefits for the portion of his claims that were undisputed, and reached a confidential settlement for the remaining first-party PIP claims. *Id.* at PageID 4-5. Pursuant to the terms of the parties' insurance policy, upon payment of benefits to El-Khechn, Canal became subrogated to any claims he had against Defendants as a result of the accident. *Id.* at PageID 8. Accordingly, Canal brings here the claims El-Khechn would otherwise have filed against the tortfeasors allegedly causing his harm.

To that end, Canal filed this action on August 28, 2020 to recover the amount of PIP benefits it paid to, or on behalf of, El-Khechn. *Id.* at PageID 9. In its complaint, Canal asserts that Defendant Barnhart was negligent in causing El-Khechn's personal injuries; and that Defendants were unjustly enriched as a result of Canal having paid out benefits for which Defendants bear primary liability for causing. *Id.* Defendants now move to dismiss both the personal injury and unjust enrichment claims pled in the complaint.

**II.**

A motion to dismiss filed pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are

2

not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

### III.

Defendants first argue that Canal's personal injury claim is barred by Ohio's two-year statute of limitations (set forth in Ohio Rev. Code § 2305.10). Doc. 7. Canal acknowledges that its claim is time-barred if the Ohio statute of limitations applies,[1] but contends that its claim should

---

[1] In Ohio, an action for recovery of personal injury damages "accrues . . . when the injury or loss to person or property occurs" and that "an action for bodily injury . . . shall be brought within two years after the cause of action accrues."

3

not be found time-barred because Michigan's three-year personal injury statute of limitations (set forth in Mich. Comp. Laws § 500.3116) applies instead. Defendants contend, second, that Canal's unjust enrichment claim is likewise time-barred. Doc. 10. The Court addresses these arguments in turn.

### A. Personal Injury

In diversity cases such as this, the Court must apply the choice-of-law rules of the forum state, *i.e.*, Ohio. *Stone Surgical, LLC v. Stryker Corp.*, 858 F.3d 383 (6th Cir. 2017) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)); *see also Logan Farms v. HBH, Inc. DE*, 282 F.Supp.2d 776, 788 n.6 (S.D. Ohio 2003) (stating that "[s]ince this Court sits in Ohio, the Court must apply Ohio choice of law rules") (citing *Mill's Pride, Inc. v. Continental Ins. Co.*, 300 F.3d 701, 704 (6th Cir. 2002)). Under Ohio's choice-of-law rules, there is a presumption that the law of the place of injury controls, unless another state has a more significant relationship to the lawsuit. *Morgan v. Biro Mfg. Co.*, 474 N.E.2d 286, 288 (Ohio 1984).

To determine whether another state possesses a more significant relationship to the action, the court must apply the factors set forth in the Restatement (Second) of Conflict of Laws §145. *Logan Farms*, 282 F. Supp. 2d at 788 n.6. These factors include: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.*; *see also Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946 (6th Cir. 2011); *Tanksley & Assocs. v. Willard Indus., Inc.*, 961 F.Supp. 203, 205 (S.D. Ohio 1997).

---

Ohio Rev. Code § 2305.10. Because the accident at issue in this case occurred on August 29, 2017, Canal's bodily injury claims, filed more than two years later on August 28, 2020, would be time-barred if Ohio law applies.

4

Despite Canal's assertion that Michigan has the most significant relationship to this action, the listed factors do not weigh in favor of applying Michigan law. The first two factors weigh in favor of applying Ohio law because the injury at issue occurred in Ohio and the conduct giving rise to the injury -- *i.e.*, Barnhart's alleged negligence -- also occurred in Ohio. Doc. 1 at Page ID 6. As for the fourth factor, "Ohio courts have found that in the context of a tort action, the place where the tortious conduct occurred is the place where the relationship, if any, between the parties centered." *Grubb v. Day to Day Logistics, Inc.*, No. 2:14-cv-01587, 2015 WL 4068742, at *9 (S.D. Ohio July 2, 2015) (citing *Amon v. Grange Mut. Cas. Co.*, 678 N.E.2d 1002, 1004-05 (Ohio Ct. App. 1996)). Thus, because the tortious conduct occurred in Ohio, the fourth factor also weighs in favor of applying Ohio law. Only the third factor raises a potential connection to Michigan, and that is because Canal's insured, El-Khechn, resided there at the time of the accident. Doc. 1 at PageID 5. Nevertheless, both Defendants are Ohio residents, whereas Canal is a South Carolina business. *Id*. at PageID 2. Accordingly, consideration of the choice-of-law factors favors application of Ohio law.

Recognizing that Canal's personal injury claim was filed long after expiration of the applicable two-year limitations period in Ohio Rev. Code §2305.10, Defendants' motion to dismiss that claim should be granted.

### B. Unjust Enrichment

Defendants' second argument also weighs in favor of dismissal. Canal contends that, even if Ohio law applies -- which it does -- its unjust enrichment claim is subject to the six-year limitations period set forth in Ohio Rev. Code § 2305.07 and, therefore, the claim survives regardless of whether or not its personal injury claim is time-barred. Doc. 10 at PageID 16-17. Defendants argue, to the contrary, that Canal's purported unjust enrichment claim is no more than a personal injury claim subject to the same two-year limitations period. Doc. 13 at PageID 134.

Ohio courts have held that "[a] party cannot transform one cause of action into another through clever pleading or an alternative theory of law in order to avail itself of a more satisfactory statute of limitations." *Heuker v. Roberts, Kelly & Bucio, LLP*, 998 N.E.2d 827, 832 (Ohio Ct. App. 2013) (citing *Love v. City of Port Clinton*, 524 N.E.2d 166 (Ohio 1988)).  Allowing parties to use this type of "clever pleading" would "improperly serve to circumvent the shorter limitations period." *Murray v. Moyers*, No. 2:14-cv-02334, 2015 WL 5626509, at *3 (S.D. Ohio Sept. 24, 2015) (citing *Love*, 524 N.E.2d at 168). Courts must determine which limitations period applies by looking to "the actual nature or subject matter of the cause" rather than the form in which the complaint is styled or pled.  *Wilkerson v. O'Shea*, No. CA2009-03-068, 2009 WL 4810187, at *2 (Ohio Ct. App. Dec. 14, 2009).

A claim for unjust enrichment is a contract implied in law, or a quasi-contract. *Donald Harris Law Firm v. Dwight-Killian*, 853 N.E.2d 364, 367 (Ohio Ct. App. 2006).  Canal and El-Kechn, however, had an insurance contract between them.  *See supra*; *see also Wuliger v. Manufacturers Life Ins. Co.*, 567 F.3d 787, 799 (6th Cir. 2009) (citing *Lehmkuhl v. ECR Corp.*, No. 06 CA 039, 2008 WL 5104747, at *5 (2008) ("Ohio law is clear that a plaintiff may not recover under the theory of unjust enrichment or quasi-contract when an express contract covers the same subject")).  Canal's claims are thus personal injury claims, not quasi-contract claims.  *See Ohio Bur. Of Workers' Comp. v. McKinley*, 956 N.E.2d 814, 821 (Ohio 2011) ("[i]n typical insurance subrogation an insurer's subrogated claim is based on the negligence of the tortfeasor and is derivative of the insured's rights").  Canal's unjust enrichment claim is thus controlled by the same two-year statute of limitations period governing its personal injury claim, and is also time barred. Accordingly, Defendants' motion to dismiss should be granted with respect to the unjust enrichment claim as well.

## IV.

The Court thus **GRANTS** Defendants' motion to dismiss (doc. 7), **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**, and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:  February 8, 2021                                  s/ Michael J. Newman
                                                                                Hon. Michael J. Newman
                                                                                United States District Judge